People v Swank (2019 NY Slip Op 07194)





People v Swank


2019 NY Slip Op 07194


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


934 KA 17-00296

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL M. SWANK, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered June 27, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]). Contrary to defendant's contention, the record establishes that he knowingly, intelligently, and voluntarily waived his right to appeal, and that he understood that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Moore, 158 AD3d 1312, 1312 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]). The valid waiver of the right to appeal with respect to both the conviction and sentence encompasses defendant's contentions that County Court should have sentenced him to parole supervision pursuant to CPL 410.91 and that the sentence is unduly harsh and severe (see People v Williams, 160 AD3d 1470, 1471 [4th Dept 2018]; cf. People v Copes, 145 AD3d 1639, 1639-1640 [4th Dept 2016], lv denied 28 NY3d 1182 [2017]). Defendant's valid waiver of the right to appeal also encompasses his challenge to the court's suppression ruling (see Moore, 158 AD3d at 1312; People v Celi, 149 AD3d 1548, 1549 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]).
Finally, even assuming, arguendo, that defendant's contention that the proceedings were electronically recorded and later transcribed in violation of Judiciary Law § 295 survives both the guilty plea and waiver of the right to appeal (see People v Harrison, 85 NY2d 794, 796 [1995]), that contention is unpreserved because defendant did not object to the use of the electronic recording device or the absence of a stenographer (see People v Votra, 173 AD3d 1643, 1644 [4th Dept 2019]; People v Bennett, 165 AD3d 1624, 1625 [4th Dept 2018]; People v Rogers, 159 AD3d 1558, 1559 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court